UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BART FLANAGAN TREE SERVICE, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00221-JCN |
| | ) | |
| RKD TRANS, INC. et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTIONS TO DISMISS AND ON REQUEST
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff seeks to recover from Defendants Load 'Em Up, Inc. (Load 'Em Up), R.K.D. Trans, Inc. (RKD), and The Shyft Group Duramag, LLC (Shyft) for damage caused to Plaintiff's wood chipper during transport from Missouri to Maine.  Plaintiff asserts negligence claims against all defendants, and also alleges a breach of contract claim against Load 'Em Up. (Amended Complaint, ECF No. 1-2.)

Shyft and RKD move separately to dismiss the negligence claims against them. (RKD Mot. to Dismiss, ECF. No. 13; Shyft Mot. to Dismiss, ECF No. 15.)  Plaintiff opposes the motions and requests leave to amend its pleading.  (Resp. in Opp'n to Mot. to Dismiss, ECF No. 19.)

After consideration of the parties' arguments, the Court denies the motions to dismiss and grants Plaintiff's request for leave to file an amended complaint.

## FACTUAL BACKGROUND

The following facts are derived from Plaintiff's amended complaint. A court evaluating a motion to dismiss "accept[s] as true the complaint's well-pleaded factual allegations, and draws all reasonable inferences in favor of the non-moving party." *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

On September 27, 2022, Plaintiff purchased a 2021 21XP Bandit Chipper (the chipper) from a dealer in Missouri for use in Plaintiff's business. (Am. Compl. ¶¶ 10–11.) Plaintiff then contracted with Load 'Em Up to have the chipper shipped and delivered from Missouri to Plaintiff's principal place of business in Maine. (*Id.* ¶ 12.) Load 'Em Up subsequently contracted with RKD for the delivery of the chipper. (*Id.* ¶ 14.) Either Load 'Em Up or RKD then contracted with Shyft for Shyft to deliver the chipper. (*Id.* ¶ 20.) Shyft transported the chipper to Maine. (*Id.* ¶ 23.) During transport, the chipper hit a highway overpass resulting in severe damage to the chipper. (*Id.* ¶¶ 27–28.) Due to the damage, the chipper was unusable and required significant repair. (*Id.* ¶ 29.)

Although Plaintiff promptly arranged for the chipper's repair, due to labor and part shortages, the chipper was not repaired until March 7, 2023. (*Id.* ¶¶ 30–31.) The cost of the initial repair was $29,169.31. (*Id.* ¶ 32.) In June 2023, the chipper required additional repairs which ultimately cost $14,343.10. (*Id.* ¶¶ 34, 37.) While the chipper was unusable, Plaintiff lost work and profits. (*Id.* ¶ 33.)

## PROCEDURAL BACKGROUND

In May 2022, Plaintiff filed a complaint in state court against RKD and Load 'Em Up.  Plaintiff subsequently filed an amended complaint against RKD, Load 'Em Up, and Shyft.  RKD removed the case to this Court.  (Notice of Removal, ECF No. 1.)

In their motions to dismiss, RKD and Shyft argue that Plaintiff's negligence claims are preempted by federal law, the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706).  Shyft also contends that Plaintiff's negligence claim is barred by the economic loss doctrine.  Plaintiff argues that even if the Carmack Amendment governs, it has asserted an actionable claim.  Alternatively, Plaintiff requests leave to amend its pleading to allege a claim under the Carmack Amendment.

## DISCUSSION

### A.    Removal, Jurisdiction, and Preemption

RKD removed this case to federal court based upon its contention that the Carmack Amendment "governs exclusively all of Plaintiff's claims against Petitioner for any alleged loss or damage related to Plaintiff's Shipment." (Notice of Removal at 2.)   Because Plaintiff alleges only state law claims, a preliminary question, the answer to which is relevant to the motions to dismiss, is whether the case is within this Court's jurisdiction and thus properly removed to federal court.[1]

---

[1] Although Plaintiff did not challenge removal of this case, this Court must sua sponte consider the question of jurisdiction.  *See, e.g.*, *McCulloch v. Velez,* 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); *York v. Day Transfer Co.*, 525 F. Supp. 2d 289, 295 (D. R.I. 2007) ("Even though the [plaintiffs] did not challenge removal, this Court is obliged to scrutinize the basis of its jurisdiction sua sponte.").

A civil action filed in a state court may be removed to federal court if the action contains a claim over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine if a claim arises under the Constitution, laws, or treaties of the United States, courts apply the well-pleaded complaint rule. *See R.I. Fisherman's All., Inc. v. R.I. Dep't Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). Under the well-pleaded complaint rule, to satisfy federal question jurisdiction, a plaintiff's complaint "must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." *Id.*

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[A] defense that relies … on the pre-emptive effect of a federal statute will not provide a basis for removal." *Id.* (citations omitted). When a complaint does not affirmatively allege a federal claim, removal of a state law claim is permissible in two circumstances:

> [W]hen Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

*Id.* at 8. The second circumstance is known as the complete preemption doctrine. *See Fayard v. Ne. Vehicle Services, LLC*, 533 F.3d 42, 45 (1st Cir. 2008) ("Complete preemption is a shorthand for the doctrine that in certain matters Congress so strongly

intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be *recharacterized* as a federal claim."). The complete preemption doctrine requires "exclusive federal regulation of the subject matter of the asserted state claim" and "a federal cause of action for wrongs of the same type." *Id.* at 46.

The facts of and the Supreme Court's reasoning in *Beneficial National Bank v. Anderson* are instructive. The complaint alleged a national bank had charged excessive interest "in violation of both 'the common law usury doctrine' and an Alabama usury statute." *Beneficial Nat'l Bank*, 539 U.S. at 3–4. The Supreme Court concluded that sections 85 and 86 of the National Bank Act "provide[d] the exclusive cause of action for such claims" and therefore there was "no such thing as a state-law claim of usury against a national bank. Even though the complaint ma[de] no mention of federal law . . . [t]his cause of action against national banks only arises under federal law and could, therefore, be removed . . . ." *Id.* at 11.

> The Carmack Amendment to the Interstate Commerce Act states in part:
>
> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .

49 U.S.C. § 14706(a)(1). The law provides for a civil cause of action against delivering carriers and any carrier alleged to have caused the loss or damage. *Id.* § 14706(d)(1)–(2). Federal district courts have original jurisdiction over Carmack Amendment claims

provided the amount in controversy exceeds $10,000, exclusive of interest and costs.  28 U.S.C. § 1337(a).

"The preemptive effect of the Carmack Amendment over state law governing damages for the loss or damage of goods has been reiterated by the Supreme Court in many cases and is well established." *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 504 (1st Cir. 1997); *see, e.g.*, *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–05 (1913); *Charleston & W. C. Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 716 (1915); *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936).  "[S]tate statutes are preempted by the Carmack Amendment if they 'in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery." *Rini*, 104 F.3d at 505 (quoting *Charleston & W. C. Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 716 (1915)).  More specifically, "all state laws that impose liability on carriers *based on the loss or damage of shipped goods* are preempted." *Id.* at 506 (emphasis in original).

Here, through its negligence claims, Plaintiff alleges Defendants caused "damage to [Plaintiff's] Chipper." (Am. Compl. ¶¶ 47, 52.)  Plaintiff's claims, therefore, are clearly "based on the loss or damage of shipped goods."  Because Plaintiff alleges damages of at least $34,512.41, which amount exceeds the $10,000 statutory requirement, Plaintiff's negligence claims are completely preempted by the Carmack Amendment.[2]

---

[2] The conclusion is consistent with the reasoning of other courts.  *See, e.g.*, *York v. Day Transfer Co.*, 525 F. Supp. 2d 289, 296 (D. R.I. 2007) ("Courts that have addressed this question directly agree that the Carmack Amendment completely preempts state claims based on the loss or damage of goods shipped through interstate commerce."); *Clean Harbors Recycling Servs. Ctr. of Chi., LLC v. Harold Marcus Ltd.*, No. 12-10594-DPW, 2013 WL 1329532, at *6 (D. Mass. Mar. 29, 2013) (agreeing with the "several courts"

**B.     Motions to Dismiss/Request for Leave to Amend**

Contrary to Defendants' arguments, the Carmack Amendment's preemption of Plaintiff's negligence claims does not require or warrant dismissal.  In fact, the Court could "proceed on the current [amended] complaint on the understanding that the state law claims . . . plead a claim under the Carmack Amendment."  *Clean Harbors Recycling Srvs. Ctr. of Chi., LLC*, 2013 WL 1329532, at *6;  *Hoskins*, 343 F.3d at 771 (facts alleged in support of state law claims "suffice"); *U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp. 2d 1322, 1339 (S.D. Ala. 2003) ("[Plaintiff's] state law claims morph into a federal Carmack Amendment claim, there being 'no such thing' as a state law claim against a common carrier for damage to goods in interstate transportation.").  Such an approach would be consistent with the Court's finding that the case was properly removed to federal court.  Nevertheless, while not necessary for Plaintiff to proceed, to make clear that the factual allegations underlying Plaintiff's alleged negligence claims are governed by the Carmack Amendment, an amendment to Plaintiff's complaint is appropriate. *See, e.g.*, *Clean Harbors Recycling Srvs. Ctr. of Chi., LLC*, 2013 WL 1329532, at *6 (allowing the plaintiff the opportunity to amend its complaint to assert a Carmack Amendment claim);[3] *U.S. Aviation Underwriters*, 296 F. Supp. at 1339 n.17 ("[T]he more prudent

---

that have found the Carmack Amendment has complete preemptive force); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687–89 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

[3] The court in *Clean Harbors* found that it was appropriate to dismiss the state law claims and permit the amendment.  The Court does not believe dismissal is necessary.  However, even if the Court followed the *Clean Harbors* approach, the result would be the same: with the amendment, Plaintiff would be permitted to proceed on a Carmack Amendment claim in this Court.

practice for a plaintiff knowingly filing preempted claims is to seek leave to amend the complaint to replead those claims as proper federal causes of action . . . .").  The Court, therefore, will permit and direct Plaintiff to file an amended complaint.

### CONCLUSION

For the reasons discussed herein, the Court finds that the Carmack Amendment completely preempts Plaintiff's negligence claims.  Because Plaintiff could proceed on a claim under the Carmack Amendment based on the factual allegations in the pending amended complaint, the Court denies the motions to dismiss.[4]  To confirm that the Carmack Amendment will govern the factual allegations that Plaintiff has asserted as negligence claims, the Court grants Plaintiff's request for leave to amend the operative pleading. Plaintiff shall file an amended complaint explicitly asserting Carmack Amendment claims within ten days of the date of this order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of September, 2024.

---

[4] Because the Court has concluded that federal law governs the allegations that comprise Plaintiff's negligence claims, Plaintiff's alleged state law negligence claims are not actionable.  Shyft's alternative argument – that Plaintiff's negligence claim against it is barred by the economic loss doctrine – is, therefore, moot.